# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-617V
Filed: February 12, 2016
Not for Publication

```
*************************************
ELISABETH SMIRNIOTIS,               *
                                    *
                                    *
            Petitioner,             *
                                    *   Interim attorneys' fees and costs
    v.                              *   decision based on stipulation of
                                    *   fact; counsel withdrawing from
                                    *   case
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
*************************************
```

<u>Robert. J. Krakow</u>, New York, NY, for petitioner.
<u>Ann D. Martin</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 16, 2014, petitioner, through her parents, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10¬34 (2012) ("Vaccine Act"), alleging that she suffered a neurological disorder and/or an autoimmune condition as a result of her receipt of meningococcal and varicella vaccinations. No entitlement decision has been issued in this case. On February 9, 2016, petitioner filed an application for interim attorneys' fees and costs. For the reasons outlined below, the undersigned awards petitioner $20,000 in interim attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

## PROCEDURAL HISTORY

On May 5, 2015, the undersigned ordered petitioners to file an expert report by July 6, 2015. After requesting, and being granted, several motions for extension of time, petitioners filed another motion for extension of time on December 18, 2015, explaining that they were unable to file an expert report, and asking for 31 days to "determine the appropriate course of action to be taken in light of the posture of this case." Mot. at 1. On January 18, 2016, petitioners filed a status report saying they would like additional time to decide on the appropriate course of action to take. On January 19, 2016, the undersigned set a status conference for January 29, 2016, to discuss the case. On January 29, 2016, the undersigned *sua sponte* ordered the Clerk of Court to change the case caption to reflect the fact that Elisabeth Smirniotis had turned eighteen years old in 2015. On the same date, the undersigned ordered petitioner to file a status report by February 5, 2016, saying whether she would be proceeding *pro se* or dismissing the case. On February 3, 2016, petitioner filed a status report explaining that petitioner's counsel would be withdrawing from the case, but that he would wait to file a motion to withdraw until petitioner found a new attorney and he informally resolved his interim attorneys' fees and costs with respondent. On February 4, 2016, the undersigned ordered petitioner's counsel to withdraw from the case by February 12, 2016, clarifying that petitioner's case is her main responsibility, not petitioner's counsel's interim attorneys' fees and costs issue.

On February 9, 2016, petitioner filed a motion for interim attorneys' fees and costs, asking for $27,201.10 in interim attorneys' fees and costs. On February 10, 2016, respondent filed her response to petitioner's interim motion, stating that the parties had reached an agreement that $20,000 was an appropriate amount for Mr. Krakow's work on this case, but that respondent would like the undersigned to wait to award petitioner attorneys' fees and costs until the conclusion of the case. Resp. at 1. Respondent explained that "the only disputed issue is whether under the circumstances of this case, [petitioner is] entitled to payment of attorneys' fees and costs on an interim basis. Id. Respondent stated that petitioner had not "identified any special showing to justify an award of interim attorneys' fees and costs," such as a protracted proceeding or hardship to petitioners. Id. at 4. Citing McKellar, respondent argues that the withdrawal of petitioner's counsel without any other special showing does not provide sufficient grounds to justify an interim award. McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 302 (Fed. Cl. 2011).

As the undersigned has found before, "[p]aying attorneys when their service is complete is appropriate." Gabrielle v. Sec'y of HHS, No. 07-304V, 2011 WL 2445941, at *1 (Fed. Cl. Spec. Mstr. May 26, 2011); see also Soto v. Sec'y of HHS, No. 09-897V, 2011 WL 2269423, at *4 (Fed. Cl. Spec. Mstr. June 7, 2011) (fees paid upon counsel's withdrawal while entitlement pending). The U.S. Court of Federal Claims and several special masters have found that an interim fee award is appropriate when petitioner's counsel withdraws from the case. Woods v. Sec'y of HHS, 105 Fed. Cl. 148, 154 (Fed. Cl. 2012) (Judge Williams affirmed the special master's award of interim fees and suggested that when counsel withdraws, and it is unknowable how long case resolution might take, an interim award may be appropriate); Becker v. Sec'y of HHS, No. 13-687V, 2014


WL 4923160, at *4 (Fed. Cl. Spec. Mstr. Sept. 11, 2014); Bear v. Sec'y of HHS, No. 11–362V, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013); Lumsden v. Sec'y of HHS, No. 97–588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012) (Special Master Vowell awarded interim fees in an autism case over respondent's objection when petitioner's attorney was withdrawing from the case); Edmonds v. Sec'y of HHS, No. 04–87V, 2012 WL 1229149, at *13 (Fed. Cl. Spec. Mstr. Mar. 22, 2012) (then-Chief Special Master Campbell–Smith awarded interim fees over respondent's objection in an autism case in which petitioner's counsel was about to withdraw).

Respondent suggests that "a better course of action" is for the undersigned to issue an order to show cause, and, if petitioner is unable to find an expert to support her case, dismiss the petition, which would mean that petitioner would no longer be asking for interim fees and costs, but final fees and costs. Resp. at 5, note 3. However, the undersigned needs to give petitioner an opportunity to find new counsel if petitioner asks for the opportunity. She will also need to give petitioner ample time to find an expert to opine on her case. Therefore "dismiss[ing] the petition" is not as straightforward as respondent seems to suggest. Id.

The undersigned finds that it is appropriate to award petitioner interim attorneys' fees and costs at this juncture in the case.

In accordance with the General Order #9 requirement, petitioner asserts that she did not incur any costs in pursuit of her petition. The undersigned finds this amount of interim attorneys' fees and costs agreed upon by the parties in the stipulation to be reasonable. Accordingly, the court awards **$20,000.00**, representing reimbursement for interim attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioner and the Law Office of Robert J. Krakow, P.C. in the amount of **$20,000.00**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 12, 2016                                          s/ Laura D. Millman
                                                                   Laura D. Millman
                                                                   Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.